JUDGMENT
================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 29 2003

at ___ o'clock and ___ min. ___M
WALTER A.Y.H. CHINN, CLERK

NO. 02-10610
CT/AG#: CR-01-00300-2-DAE

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

SANDRA CLARKE

    Defendant - Appellant

----------------------

APPEAL FROM the United States District Court for the District of Hawaii (Honolulu).

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered December 2, 2003

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 24 2003

by: _____
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 0 2 2003

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 02-10610 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR 01-00300-2-DAE |
| v. | |
| SANDRA CLARKE | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David Alan Ezra, District Judge, Presiding

Argued and Submitted November 5, 2003
Honolulu, Hawaii

Before: BROWNING, REINHARDT, and THOMAS, Circuit Judges.

Defendant Sandra Clarke appeals her conviction of two counts of embezzlement and one count of criminal conspiracy. She contends that there was

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

insufficient evidence to support her conviction and that she was sentenced separately for crimes that should have been grouped together. We AFFIRM.

## I.  SUFFICIENCY OF THE EVIDENCE

A conviction is based on sufficient evidence if the record shows that "a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendants guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Mares, 940 F.2d 455, 458 (9th Cir. 1991) (internal quotation marks and citation omitted). There is plainly enough evidence in the record to support convictions on all three counts.

The jury convicted Clarke of conspiring with Faith Tanner to embezzle, and of actually embezzling, nearly $50,000 of a $99,914 grant from the United States Department of Housing and Urban Development's (HUD) Tenant Opportunity Program (TOP) to the Waimanalo Housing Resident Association (WHRA), an association of residents of the Waimanalo Homes public housing project. The grant money was intended to help WHRA members manage and purchase their own properties.

WHRA designated its President, Faith Tanner, as the WHRA member responsible for signing disbursement vouchers. WHRA named Clarke, WHRA's Vice President at the time, as the individual responsible for using those vouchers

2

to make requests for the release of funds through the HUD Line of Credit Control System (LOCCS). In order to release money through LOCCS, Tanner and Clarke had to agree jointly to the withdrawal. Each LOCCS request transferred TOP funds directly into the WHRA checking account, over which Clarke exercised exclusive control. There was sufficient evidence, viewed in the light most favorable to the government, to conclude that Tanner and Clarke knew that the grant money was not to be used for any personal expenditures, entertainment, salaries, or expenditures unrelated to the organizational needs of WHRA.

The record shows that Tanner and Clarke agreed to use, had the intent to use, and subsequently used TOP grant money to cover personal expenses, satisfying the requirements for a demonstration of criminal conspiracy under 18 U.S.C. § 371. See United States v. Caldwell, 989 F.2d 1056, 1059 (9th Cir. 1993). Clarke authorized the release of approximately $23,800 to Tanner between December 1996 and July 1997. The fact that Tanner intended to pay WHRA back for these disbursements is irrelevant. See United States v. Wiseman, 274 F.3d 1235, 1241 (9th Cir. 2001) ("Intent to repay generally is not a defense to embezzlement, however."). This evidence alone was sufficient to sustain the conviction on the first two counts.

As to the third count, the record demonstrates that Clarke signed checks "to cash" in the amount of $24,950 between December 1996 and May 1997. Clarke contends that she paid herself this money legitimately: in August of 1996, Clarke resigned as Vice President of WHRA, and the WHRA Board agreed to hire her as a "community organizer" and pay her a salary of $10 per hour. However, Tanner testified that both she and Clarke knew that HUD regulations did not allow TOP funds to be used for this purpose. What is more, Clarke admitted that she did not receive federal tax forms for her wages and did not report them to the Hawaii Housing Authority as required by law; she set her own hours and wrote her own checks; she did not keep time sheets or records; she sometimes wrote more than one check a day, and wrote the checks in strange and varying amounts. Faced with this evidence, a reasonable jury could have determined that Clarke embezzled, intentionally misapplied, or knowingly converted property valued at $5,000 or more in violation of 18 U.S.C. § 666.

## II.   SENTENCING "DOUBLE COUNTING" & MULTIPLICITY

Clarke failed to present her argument that her superceding indictment was multiplicitous prior to trial. The claim is therefore waived. See United States v. Klinger, 128 F.3d 705, 708 (9th Cir. 1997).

4

Clarke further argues that the district court engaged in double counting and that each of her three counts should have been grouped for sentencing purposes under U.S.S.G. § 3D1.2 (2001). "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Martin, 278 F.3d 988, 1004 (9th Cir. 2002) (quoting United States v. Alexander, 48 F.3d 1477, 1492 (9th Cir. 1995)). No such double counting occurred here. Although the counts of conspiracy and the two embezzlements counts remained distinct claims of legal wrongdoing, the district court imposed no sentencing enhancements. Instead, it properly consolidated all three counts into one sentencing group in which each count runs concurrently. This complied fully with the Federal Sentencing Guidelines rules on "grouping" closely related offenses. See U.S.S.G. §§ 3D1.1-4, 5G1.2.

The district court's decision is therefore

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 2 4 2003

by:
Deputy Clerk

5

INTERNAL USE ONLY: Proceedings include all events.
02-10610 USA v. Clarke

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Lawrence L. Tong, Esq.<br>808-541-2850<br>Rm 6100<br>[COR LD NTC aus]<br>AUSA<br>300 Ala Moana Blvd<br>Honolulu, HI 96850<br><br>J. Michael Seabright, Esq.<br>Room 6-100<br>[COR LD NTC aus]<br>U.S. ATTORNEY'S OFFICE<br>300 Ala Moana Blvd.<br>Honolulu, HI 96850 |
| v. | |
| SANDRA CLARKE<br>    Defendant - Appellant | DeAnna S. Dotson, Esq.<br>FAX 808/672-5058<br>808/391-7308<br>[COR LD NTC cja]<br>P.O. Box 700953<br>Kapolei, HI 96709-0953 |