Prob 12C
(Rev. 3/95 D/HI)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 23 2006

at 10 o'clock and ___ min ___ M
SUE BEITIA, CLERK

United States District Court

for the

DISTRICT OF HAWAII

U.S.A. vs. SANDRA CLARKE                                   Docket No. CR 01-00300DAE-02

## REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Sandra Clarke, who was placed on supervised release by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 4th day of November, 2002, who fixed the period of supervision at 3 years as to each of Counts 1, 2, and 3 of the Superseding Indictment, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That restitution of $48,750.00 of which $23,800.00 is owed jointly and severally with codefendant Faith Tanner, is due immediately to the U.S. Department of Housing and Urban Development, with any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of her supervised release (Probation Form 7A is attached) as follows:

1. The offender willfully did not pay restitution in the months of July 2004, August 2004, September 2004, June 2005, July 2005, October 2005, November 2005, and December 2005, and willfully did not make full restitution payments in the months of March 2005, April 2005, and May 2005, in violation of Special Condition No. 2.

2. The offender failed to follow the Probation Officer's 2/10/2005 instruction to provide a copy of her 2004 federal income tax return, in violation of Special Condition No. 1 and Standard Condition No. 3.

3. The offender failed to immediately report a change in employment status on 5/3/2005, in violation of Standard Condition No. 6.

Prob 12C
(Rev. 3/95 D/HI)

2

4. The offender failed to follow the Probation Officer's 8/24/2005 instruction regarding employment search, in violation of Standard Condition No. 3.

5. The offender failed to follow the Probation Officer's 9/20/2005 instruction, in violation of Standard Condition No. 3.

6. The offender failed to submit her December 2005 Monthly Supervision Report and related financial documentation, in violation of Standard Condition No. 3 and Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓]  The issuance of a Summons and that the offender be brought before the Court to show cause why supervision should not be revoked.

[ ]  Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   1/19/2006

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the offender be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 19th day of January, 2006, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:   **CLARKE, Sandra**
      **Criminal No. CR 01-00300DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 1/3/2002, a 3-Count Superseding Indictment charged the offender with Count 1: Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, a Class D felony; and Counts 2 and 3: Theft Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a), Class C felonies.

On 3/12/2002, a jury trial commenced before the Court. On 3/15/2002, the offender was found guilty on Counts 1 through 3. On 11/4/2002, the offender was sentenced to 15 months imprisonment as to each of Counts 1 through 3, all such terms to run concurrently, followed by 3 years of supervised release as to each of Counts 1 through 3.

The offender's term of supervised release commenced on 2/20/2004. On that same date, the offender was oriented to the supervision conditions which included the terms of the Collection Policy of the U.S. Probation Office. During the orientation, the offender was instructed that when she earned a net income of less than $1,200, she was required to pay 10 percent of her monthly gross income, and when her monthly net income amounted to $1,200 or more, she was required to pay 25 percent of her monthly net income toward restitution. Each month, the offender was required to make a restitution payment of either 10 percent of her gross income or 25 percent of her net income, based on the income from the previous month.

**Violation No. 1: Willful Nonpayment of Restitution in the Months of July 2004, August 2004, September 2004, June 2005, July 2005, October 2005, November 2005, and December 2005, and Willful Nonpayment of Full Restitution Payments in the Months of March 2005, April 2005, and May 2005:**

The offender failed to make the following restitution payments in accordance with the Collection Policy of the Probation Office and/or failed to make restitution payments in accordance with an agreement following her default status:

Re:  **CLARKE, Sandra**
   **Criminal No. CR 01-00300DAE-02**
   **REVOCATION OF SUPERVISED RELEASE**
   **STATEMENT OF FACTS - Page 2**

| Income Month | Gross | Net | Amount Owed Following Month | Amount Paid |
|---|---|---|---|---|
| June 2004 | $1,431.93 | $1,258.01 | $314.50 | $ 0.00 |
| July 2004 | $1,458.23 | $1,300.35 | $325.08 | $ 0.00 |
| August 2004 | $1,640.31 | $1,410.44 | $352.61 | $ 0.00 |
| February 2005 | $1,811.16 | $1,488.78 | $481.92* | $281.92 |
| March 2005 | $2,050.35 | $1,475.87 | $453.76* | $253.76 |
| April 2005 | Unknown | $ 967.88 | $441.97* | $241.97 |
| May 2005 | $ 772.08 | $ 680.71 | $200.00* | $ 0.00 |
| June 2005 | $1,018.05 | $ 870.37 | $200.00* | $ 0.00 |
| September 2005 | $ 658.21 | $ 586.18 | $146.54** | $ 0.00 |
| October 2005 | $1,150.08 | $ 971.36 | $242.84** | $ 0.00 |
| November 2005 | $1,013.73 | $ 867.04 | $216.76** | $ 0.00 |
| Totals: | | $11,876.99 | $3,375.98 | $777.65 |

*The "Amount Owed Following Month" is based upon the total of 25 percent of the offender's full-time employment with the Hawaii Kai Retirement Community, $100 per month from her part-time employment with the City & County of Honolulu, and an additional $100 for her arrearage. The "Amount Paid" was based upon the 25 percent of net income that the Hawaii Kai Retirement Community forwarded to the Court for restitution. In this regard, the offender did not personally pay $200 per month toward restitution for her City & County of Honolulu employment and the arrearage.

**The "Amount Owed Following Month" is based upon the 25 percent of the offender's part-time employment with the City & County of Honolulu only.

Pursuant to the Collection Policy of the U.S. Probation Office, the offender was required to pay 25 percent of her monthly net income for the months of June 2004, July 2004, and August 2004.

On 8/13/2004, the Financial Litigation Unit (FLU) of the U.S. Attorney's Office informed this officer that the offender failed to pay restitution in July 2004. On 8/17/2004, this officer questioned the offender concerning her failure to pay restitution in July 2004 based on her June 2004 net income. The offender reported that she had

Re: **CLARKE, Sandra**
   **Criminal No. CR 01-00300DAE-02**
   **REVOCATION OF SUPERVISED RELEASE**
   **STATEMENT OF FACTS - Page 3**

to help pay for her grandchild's baby luau. This officer advised the offender that her reason for not paying was unacceptable. This officer admonished the offender and warned her to make the necessary payments.

On 9/3/2004, this officer sent the offender a letter instructing her to pay the following by the end of September 2004: 1) $314.50 which was due in July 2004; and 2) $325.08 which was due by the end of August 2004.

On 9/21/2004, this officer met the offender at her employment and reminded her to make the payments as directed. The offender reported that she would do so.

On 10/6/2004, FLU informed this officer that the offender failed to make her payments as directed by this officer.

On 10/7/2004, the offender reported to the Probation Office as directed. This officer informed the offender that she was in default for failing to pay restitution for three consecutive months (July 2004, August 2004, and September 2004). When questioned why she failed to make the payments and follow this officer's instructions, the offender reported that her husband was currently unemployed and only received unemployment compensation from the State of Hawaii. She further reported that as a result of a dispute with state housing, she paid a lump-sum amount for rent arrearage. However, the offender acknowledged that her two adult children who resided with her and her husband were not employed. In this regard, she acknowledged that her two adult children did not help with the rent, utilities, and food expenses. The offender further acknowledged that her husband used his unemployment checks to pay for his new vehicle.

This officer advised the offender that she was in violation of her supervision despite repeated warnings. This officer further informed the offender that the Court would be notified of her default status. As a result, the offender agreed to participate in voluntary payroll deduction of 25 percent of her net monthly income from her employment with the Hawaii Kai Retirement Community. She also agreed to participate in her credit union's automatic bill paying system to allow a deduction of $80.00, or approximately 25 percent of her net monthly income from her part-time employment with the City & County of Honolulu, Parks & Recreation. Additionally, the offender agreed to pay an additional $100.00 per month for at least 10 months or until her arrearage was satisfied.

On 10/12/2004, a Report on Offender Under Supervision (Probation Form 12A) informed the Court of the offender's violations and default status. Subsequently, the Court agreed not to take adverse action against the offender given that she was willing to pay according to the 10/7/2004 agreement with this officer.

Subsequently, the offender continued to maintain full-time and part-time employment. The offender's primary employer, Hawaii Kai Retirement Community,

Re: **CLARKE, Sandra**
     **Criminal No. CR 01-00300DAE-02**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**

participated in the voluntary payroll deduction and forwarded 25 percent of the offender's net monthly income for restitution. However, the offender's part-time employer, City & County of Honolulu, did not allow voluntary payroll deduction without a garnishment order. Additionally, the offender's credit union would not allow automatic payment of $80 per month. Thereafter, this officer instructed the offender to personally pay $50 from each bimonthly paycheck from her City & County of Honolulu employment towards her restitution. The offender was further instructed to personally pay an additional $100 per month toward her arrearage.

Although the Hawaii Kai Retirement Community forwarded 25 percent of the offender's net monthly income from her employment from February 2005 through part of May 2005, the offender did not personally pay at least $50 from each bimonthly paycheck from her City & County of Honolulu employment from March 2005 to July 2005. Additionally, the offender did not pay $100 per month for her arrearage for the same time period.

Additionally, in May 2005, the offender informed this officer that she terminated her primary employment at Hawaii Kai Retirement Community and only received income from her part-time employment with the City & County of Honolulu. However, the offender continued to disregard her prior agreement and made no effort to make any payments toward her restitution in the months of June 2005 and July 2005 despite having income.

On 8/22/2005, this officer questioned the offender about her nonpayment for the months of June 2005 and July 2005. The offender reported that she did not make payments for June 2005 and July 2005 because this officer advised her that she did not need to make any restitution payments until she found full-time employment. This officer informed the offender that this officer did not have the authority to authorize nonpayment and would not have advised her as such. This officer subsequently instructed the offender to report to the Probation Office.

On 8/24/2005, this officer advised the offender that she was in violation of her supervision for willful nonpayment of restitution according to the Probation Form 12A and the Collection Policy of the U.S. Probation Office. This officer instructed the offender to immediately commence payment of 25 percent of each bimonthly City & County of Honolulu check towards restitution. This officer further instructed the offender to find another part-time employment or full-time employment by 9/21/2005.

On 8/26/2005, a Report on Offender Under Supervision (Probation Form 12A) informed the Court of the offender's violations and default status. Subsequently, the Court agreed not to take adverse action against the offender given that she understood that further, willful nonpayment would not be tolerated. Additionally, the offender further understood that she would be required to pay 25 percent of her net monthly income from any and all employment until her restitution arrearage had been satisfied.

Re:   **CLARKE, Sandra**
      **Criminal No. CR 01-00300DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 5**

Despite the decrease in required payments, the offender failed to make restitution payments in accordance with her agreement in the months of October 2005, November 2005, and December 2005. Specifically, the offender did not make any payments in those months.

On 12/14/2005, this officer met the offender at her City & County of Honolulu employment site to discuss her restitution. This officer advised the offender that her last payment was received in September 2005 with no payments thereafter. The offender reported that she made two separate payments in September 2005 that would cover her September 2005 and October 2005 restitution payments. The offender further reported that she would pay her November 2005 and December 2005 restitution by the end of December 2005. This officer advised the offender that this officer would review her payment history again to determine whether she made two payments in September 2005.

A subsequent review of the offender's payment history reflects that the offender was not truthful regarding two payments being made in September 2005. In this regard, only one payment of $240 was received on 9/7/2005.

### Violation No. 2 - Failure to Follow the Probation Officer's 2/10/2005 Instruction to Provide 2004 Federal Income Tax Return:

On 2/10/2005, a letter instructing the offender to provide a copy of her 2004 federal income tax return was sent to the offender. The letter also instructed the offender to contact this officer upon receipt of any tax refund.

This officer did not receive a copy of the offender's 2004 federal income tax return as instructed. Additionally, the offender did not notify this officer as to whether she received a tax refund for 2004.

### Violation No. 3 - Failure to Immediately Report a Change in Employment Status on 5/3/2005:

On 5/11/2005, this officer received the offender's April 2005 Monthly Supervision Report. The report indicated the offender no longer was employed at the Hawaii Kai Retirement Community, the offender's full-time employment.

On 5/16/2005, this officer telephonically questioned the offender regarding her employment status. The offender confirmed that she no longer worked at the retirement center after resigning on 5/3/2005. However, the offender reported that she continued to have part-time employment with the City & County of Honolulu. This officer advised the offender that she was in violation of her supervision for failing to immediately notify this officer of her change in employment status with the retirement center. This officer further advised the offender that her decision to terminate her

Re: CLARKE, Sandra
   Criminal No. CR 01-00300DAE-02
   REVOCATION OF SUPERVISED RELEASE
   STATEMENT OF FACTS - Page 6

employment without finding another full-time position was inappropriate given her noncompliance with restitution payments. The offender was instructed to immediately find full-time employment.

### Violation No. 4: Failure to Follow the Probation Officer's 8/24/2005 Instruction Regarding Employment Search:

On 8/24/2005, the offender was provided with Verification of Employment Contact sheets and instructed to personally make two employment inquiries per day, Monday through Friday, beginning 8/25/2005. In addition, the offender was instructed to document her efforts on the Verification of Employment Contact sheets which would allow this officer to verify her attempts to secure employment. The offender was further instructed to mail each week's completed Verification of Employment Contact sheets at the end of the week on Saturday. The offender was advised that if she was not employed for at least 40 hours per week by 9/21/2005, this officer would request the Court to impose community service until she found employment that satisfied 40 hours per week. The offender understood this officer's instructions and agreed to commence job seeking.

Between 8/25/2005 and 12/14/2005, the offender reported the following regarding her employment attempts:

| Week | Dates | # of Required Contacts | # of Reported Contacts | Timeliness of Submission* |
|------|-------|------------------------|------------------------|---------------------------|
| 1 | 8/25/05-8/26/05 | 4 | 2 | No; rec'd 9/6/05 |
| 2 | 8/29/05-9/2/05 | 10 | 6 | No; rec'd 9/14/05 |
| 3 | 9/6/05-9/9/05 | 8 | 8 | Yes |
| 4 | 9/12/05-9/16/05 | 10 | 8 | Yes |
| 5 | 9/19/05-9/23/05 | 10 | 10 | Yes |
| 6 | 9/26/05-9/30/05 | 10 | 8 | No; rec'd 10/12/05 |
| 7 | 10/3/05-10/7/05 | 10 | 6 | No; rec'd 10/12/05 |
| 8 | 10/10/05-10/14/05 | 10 | 9 | No; rec'd 10/28/05 |
| 9 | 10/17/05-10/21/05 | 10 | 9 | No; rec'd 10/28/05 |
| 10 | 10/24/05-10/28/05 | 10 | 10 | No; rec'd 11/17/05 |
| 11 | 10/31/05-11/4/05 | 10 | 10 | No; rec'd 11/17/05 |

Re: **CLARKE, Sandra**
    **Criminal No. CR 01-00300DAE-02**
    **REVOCATION OF SUPERVISED RELEASE**
    **STATEMENT OF FACTS - Page 7**

| 12 | 11/7/05-11/10/05 | 10 | 5 | No; rec'd 11/17/05 |
|---|---|---|---|---|
| 13 | 11/14/05-11/18/05 | 10 | None | No; not rec'd |
| 14 | 11/21/05-11/23/05 | 6 | None | No; not rec'd |
| 15 | 11/28/05-12/2/05 | 10 | None | No; not rec'd |
| 16 | 12/5/05-12/9/05 | 10 | None | No; not rec'd |
| 17 | 12/12/05-12/14/05** | 6 | None | No; not rec'd |

*"Timeliness of Submission" refers to the likelihood the offender mailed her Verification of Employment Contact sheets each Saturday as required.

**On 12/14/2005, the offender reported that she secured employment.

Based upon the offender's failure to submit timely Verification of Employment Contact sheets, failure to make two employment contacts per day, and failure to submit Verification of Employment Contact sheets for the period 11/14/2005 to 12/14/2005, the offender failed to follow this officer's 8/24/2005 instructions concerning her employment search.

### Violation No. 5: Failure to Follow the Probation Officer's 9/20/2005 Instruction:

On 9/20/2005, this officer visited the offender at her City & County of Honolulu job site. This officer advised the offender that she was in violation of her supervision for failing to follow this officer's 8/24/2005 instruction regarding her employment search. Specifically, the offender was advised that she: 1) failed to mail her Verification of Employment Contact sheets each Saturday; and 2) failed to make two employment contacts per day, Monday through Friday.

The offender apologized and indicated that she needed to escort her mother on the Handivan on Tuesdays or Thursdays so that her mother could see her physician. This officer advised the offender that while this officer understood her predicament, the offender needed to provide a letter from her mother's physician indicating that her mother needed the offender's assistance. In this regard, this officer instructed the offender to speak to her mother and her mother's physician, and to provide a letter/note from her mother's physician. The offender did not submit a letter as instructed.

Re: **CLARKE, Sandra**
   **Criminal No. CR 01-00300DAE-02**
   **REVOCATION OF SUPERVISED RELEASE**
   **STATEMENT OF FACTS - Page 8**


**<u>Violation No. 6: Failure to Submit December 2005 Monthly Supervision Report and Related Financial Documentation</u>:**

An offender's Monthly Supervision Report is due on the 5th day of each month following the month of supervision. In this regard, an offender's January 2006 Monthly Supervision Report is due by 2/5/2006.

The offender's December 2005 Monthly Supervision Report and December 2005 pay statements were due on 1/5/2006. This officer has not yet received the Monthly Supervision Report and pay statements.

In light of the foregoing, it is apparent that despite earning income which warrants the payment of restitution, the offender has not complied. In this regard, in the 22 months that she has been on supervised release, the offender has not made any payments for more than one-third of those months (8 months), and paid less than the required and/or agreed upon amount in 3 months. As such, the offender's nonpayment of restitution and payment of less than the required restitution is willful in that she did not pay despite having income. As a result, of the total $5,659.05 payments the offender should have made during the last 21 months, she paid less than one-half of that amount ($2,567.42), or approximately $122.25 per month versus an average net monthly income of $971.87. To make matters worse, the offender terminated her primary, full-time employment in May 2005 without first finding a replacement or substitute employment. Although not a violation itself, she used bad judgment in light of the fact that she needed to maintain full-time employment. The problem magnified given that the offender was unable to secure full-time employment. Further, the offender failed to follow this officer's instructions to make two employment contacts per day, Monday through Friday. In most jurisdictions, including this district, an offender is required to make four employment contacts per day. Despite the minimum employment contact requirement imposed by this officer, the offender did not make any employment contacts or made only one employment contact on at least 13 occasions. Further, the offender did not provide documentation that she made any employment contacts from 11/14/2005 to 12/14/2005.

In considering the offender's willful nonpayment of restitution, her conduct indicates she is not amenable to supervision and is likely to continue not paying restitution. Additionally, the offender's willful nonpayment suggests that she continues

Re:  **CLARKE, Sandra**
     **Criminal No. CR 01-00300DAE-02**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 9**

to harbor resentment concerning her conviction and continues to believe that the monies she embezzled were rightfully earned as a salary owed to her.

Respectfully submitted by,

_____
DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  1/19/2006

DMK/pts

Re:   **CLARKE, Sandra**
      **Criminal No. CR 01-00300DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 10**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

> That the defendant shall not apply for any loan or open any line of credit or use any existing credit without prior approval of the Probation Officer.
>
> That the defendant shall maintain a personal bank account separate and apart from her husband or any other family member or person.
>
> That the defendant shall submit her property, person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:      Sandra Clarke                                           Docket No. CR 01-00300DAE-03
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (2/22/04). 2/20/04

While on **supervised release**, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[✓]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)  The defendant shall support his or her dependents and meet other family responsibilities;

(5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1)  That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     2/11/04
         SANDRA CLARKE                   Date
         Defendant

_____                2/11/04
~~LISA K.T. JICHA~~ DEREK M. KIM         Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   CLARKE, Sandra
      Docket No. CR 01-00300DAE-03

**Conditions of Probation and Supervised Release**
**(continued from previous page)**

(2)   *That restitution of $48,750.00, of which $23,800.00 is owed jointly and severally with codefendant Faith Tanner, is due immediately to the U.S. Department of Housing and Urban Development, with any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived.*

        These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

                      (Signed) _____          2/11/04
                                    SANDRA CLARKE                      Date
                                      Defendant

                               _____          2/11/04
                                    LISA K.T. JICHA                    Date
                                  U.S. Probation Officer