# ORIGINAL

**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 20 2006

at ____ o'clock and 50 min. P M
SUE BEITIA, CLERK

U.S.A. vs. SANDRA CLARKE        Docket No. CR 01-00300DAE-02

## REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Sandra Clarke, who was placed on supervised release by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 4th day of November, 2002, who fixed the period of supervision at 3 years as to each of Counts 1, 2, and 3 of the Superseding Indictment, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That restitution of $48,750.00 of which $23,800.00 is owed jointly and severally with codefendant Faith Tanner, is due immediately to the U.S. Department of Housing and Urban Development, with any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived.

On 3/2/2006, the Court revoked the offender's supervised release for the following violations: 1) The offender willfully did not pay restitution in the months of July 2004, August 2004, September 2004, June 2005, July 2005, October 2005, November 2005, and December 2005, and willfully did not make full restitution payments in the months of March 2005, April 2005, and May 2005; 2) The offender failed to immediately report a change in employment status on 5/3/2005; 3) The offender failed to follow the Probation Officer's 9/20/2005 instruction; and 4) The offender failed to submit her December 2005 Monthly Supervision Report and related financial documentation.

The offender was sentenced to 2 weekends of imprisonment followed by 35 months of supervised release with the following conditions:

1. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That the defendant shall provide a copy of her pay stubs for each pay period for all jobs to the Probation Office.

3. That the defendant shall not apply for any loan or open any line of credit or use any existing credit without prior approval of the Probation Office.

4. That the defendant shall maintain a personal bank account separate and apart from her husband or any other family member or person.

5. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. That restitution of $48,750, of which $23,000 is owed jointly and severally with codefendant Faith Tanner, is due immediately to the U.S. Department of Housing and Urban Development, with any remaining balance upon release from confinement be paid during the period of supervision on an installment basis of $400 per month to be paid within five (5) days of being paid. Interest is waived.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of her supervised release (Judgment is attached) as follows:

1. The offender willfully did not pay restitution in the months of May 2006, June 2006, August 2006, September 2006, and October 2006, in violation of Special Condition No. 6.

2. The offender failed to follow the Probation Officer's 5/26/2006 and 8/9/2006 instructions to submit copies of her bank statements, in violation of Standard Condition No. 3 and Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a Summons and that the offender be brought before the Court to show cause why supervision should not be revoked.

[ ]   Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    11/16/2006

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the offender be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 16th day of November, 2006, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:   **CLARKE, Sandra**
      **Criminal No. CR 01-00300DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 1/3/2002, a 3-Count Superseding Indictment charged the offender with Count 1: Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, a Class D felony; and Counts 2 and 3: Theft Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a), Class C felonies.

On 3/12/2002, a jury trial commenced before the Court. On 3/15/2002, the offender was found guilty on Counts 1 through 3. On 11/4/2002, the offender was sentenced to 15 months imprisonment as to each of Counts 1 through 3, all such terms to run concurrently, followed by 3 years of supervised release as to each of Counts 1 through 3.

The offender's term of supervised release commenced on 2/20/2004.

On 3/2/2006, the Court revoked the offender's supervised release for violations which included: 1) willful nonpayment of restitution in 8 months and willful nonpayment of full restitution in 3 months; 2) failure to report change in employment status on 5/2/2005; 3) failure to follow the Probation Officer's instructions; and 4) failure to submit Monthly Supervision Report and related financial documentation.

The offender was sentenced to 2 weekends of imprisonment followed by 35 months of supervised release with special conditions.

The offender's second term of supervised released commenced on 3/2/2006. Since then, the offender has violated her supervision as follows:

**Violation No. 1:  Willful Nonpayment of Restitution in the Months of May 2006, June 2006, August 2006, September 2006, and October 2006:**

At her original revocation hearing before Your Honor on 3/2/2006, the offender was ordered as a special condition to pay $400.00 a month in restitution. This amount of monthly restitution was requested by the offender through her attorney.

Despite the Court's order, the offender did not make any restitution payments in May 2006, June 2006, August 2006, September 2006, and October 2006. Additionally, the offender's conduct was willful in that she earned income during those same months. Specifically, the offender earned the following income for the months in question:

Re:   **CLARKE, Sandra**
**Criminal No. CR 01-00300DAE-02**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

| MONTH | GROSS | NET |
|---|---|---|
| MAY 2006 | $1,217.49 | $1,091.20 |
| JUNE 2006 | $1,305.60 | $1,231.61 |
| SEPTEMBER 2006 | $1,380.80 | $1,288.18 |
| OCTOBER 2006 | UNKNOWN | $1,301.39 |
| TOTALS: | $3,903.89 plus October 2006 | $4,912.38 |

Pursuant to the Court's order, the offender is in default for not having paid $400.00 per month for a total of $1,600.00. The offender has not offered an explanation as to why she has not made any payments in the months in question. Additionally, she has not provided any documentation which evidences her inability to pay restitution. Regardless of her expenses, the fact that the offender earned income and did not make restitution payments in the above-identified months indicates that she defaulted on her restitution due to willful nonpayment of restitution.

**Violation No. 2:  Failure to Follow the Probation Officer's 5/26/2006 and 8/9/2006 Instructions to Submit Copies of her Bank Statements:**

At her original revocation hearing before Your Honor on 3/2/2006, the offender was ordered as a special condition to provide the Probation Office any requested financial information. Subsequently, this officer advised the offender to submit a copy of her bank statements with each month's Monthly Supervision Report (MSR).

This officer received the offender's March 2006 MSR and April 2006 MSR on 4/7/2006 and 4/28/2006, respectively. Neither MSR contained a copy of the offender's bank statement with Hawaii USA FCU.

On 5/26/2006, this officer interviewed the offender at her evening employment in Waimanalo. During the interview, this officer advised the offender that she was required to submit a copy of her bank statement with each month's MSR. Consequently, this officer instructed the offender to submit her monthly bank statement with her May 2006 MSR which was due on or around 6/5/2006.

On 6/8/2006, this officer received the offender's May 2006 MSR. The MSR did not contain a copy of her monthly bank statement with Hawaii USA FCU. Additionally, this officer subsequently received the offender's June 2006 and July 2006 MSRs, each without a copy of her monthly bank statement.

On 8/9/2006, this officer interviewed the offender at her evening employment in Waimanalo. This officer admonished the offender for failing to submit her bank

Re:   **CLARKE, Sandra**
      **Criminal No. CR 01-00300DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

statements with each month's MSR. The offender reported that she would check her mail, but believed she received her bank statements on a quarterly basis instead of monthly. This officer advised the offender that she needed to submit a copy of each bank statement received, monthly or quarterly.

Since 8/9/2006, this officer received the offender's August 2006, September 2006, and November 2006 MSRs. Each was submitted without a bank statement. For arguments' sake, if the offender received only quarterly bank statements from her credit union, this officer should have received one for March 2006, June 2006, and September 2006. However, at this point, the offender has not indicated to this officer when she receives her bank statements and has not provided any since her revocation hearing on 3/2/2006. In this regard, the offender has failed to follow this officer's 5/26/2006 and 8/9/2006 instructions and the Court's order to provide requested financial information.

In considering the offender's willful nonpayment of restitution and refusal to provide bank statements as requested and required, the offender's conduct indicates she is not amenable to supervision and is likely to continue not paying restitution and/or provide requested financial information. Additionally, the offender was given an opportunity to avoid 3 to 9 months imprisonment when the Court revoked supervised release and ordered her to intermittent confinement of only two weekends at the Federal Detention Center - Honolulu. This was to allow the offender the opportunity to continue with her employment, and to allow her to pay restitution of $400.00 per month.

In light of the offender's conduct since her original revocation on 3/2/2006, it is recommended that the Court issue a Summons to show cause why supervised release should not be revoked.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  11/16/2006

DMK/pts

Re: **CLARKE, Sandra**
 **Criminal No. CR 01-00300DAE-03**
 **REVOCATION OF SUPERVISED RELEASE**
 **STATEMENT OF FACTS - Page 4**

### NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

That the defendant shall not apply for any loan or open any line of credit or use any existing credit without prior approval of the Probation Officer.

That the defendant shall maintain a personal bank account separate and apart from her husband or any other family member or person.

That the defendant shall submit her property, person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

ORIGINAL

AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

# United States District Court
## District of Hawaii

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**SANDRA CLARKE**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br><br>Criminal Number:  **1:01CR00300-002**<br>USM Number:  88333-022<br>**PAMELA TAMASHIRO, ESQ.**<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  admitted guilt to violation of condition(s) Special Condition No. 2; Standard Condition No. 6; Standard Condition No. 3; and Special Condition No. 1 of the term of supervision.

[ ]  was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

U.S. PROBATION OFFICE
HONOLULU, HAWAII
'06 APR 13 A10:33
RECEIVED

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  **5365**

Defendant's Residence Address:
**Nakini Street**

Defendant's Mailing Address:
**P.O. Box**

MARCH 2, 2006
Date of Imposition of Sentence

_(signature)_
Signature of Judicial Officer

**DAVID ALAN EZRA**, United States District Judge
Name & Title of Judicial Officer

March 24 2006
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER:     1:01CR00300-002                                              Judgment - Page 2 of 5
DEFENDANT:       SANDRA CLARKE

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Willful nonpayment of restitution | 7/2004, 8/2004, 9/2004, 6/2005, 7/2005, 10/2005, 11/2005 and 12/2005 |
| 1 | Willful nonpayment of Full Restitution payments | 3/2005, 4/2005 and 5/2005 |
| 3 | Failure to immediately report a change in employment status | 5/3/2005 |
| 5 | Failure to follow the probation officer's instruction | 9/20/2005 |
| 6 | Failure to submit monthly supervision report and related financial documentation | 12/2005 |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 1:01CR00300-002 | Judgment - Page 3 of 5 |
| DEFENDANT: | SANDRA CLARKE | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  2 WEEKENDS .

This term consists of TWO(2) WEEKENDS, starting from 3/24/2006, no later than 700pm, and to be released on Sundays, no later than 500pm

[✔] The court makes the following recommendations to the Bureau of Prisons:
FDC Honolulu. Defendant to self-surrender no later than 700pm, on 3/24/2006 at the FDC Honolulu. Defendant shall be released no later than 500pm, on Sunday afternoon.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
  [ ] at ___ on ___.
  [ ] as notified by the United States Marshal.

[✔] The defendant shall surrender for service of sentence at the FDC Honolulu:
  [✔] before 7:00pm on 3/24/2006 .
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: 1:01CR00300-002 | Judgment - Page 4 of 5 |
| DEFENDANT: SANDRA CLARKE | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 35 months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER: 1:01CR00300-002 | Judgment - Page 5 of 5 |
| DEFENDANT: SANDRA CLARKE | |

## SPECIAL CONDITIONS OF SUPERVISION

1) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2) That the defendant shall provide a copy of her pay stubs for each pay period for all jobs to the Probation Office

3) That the defendant shall not apply for any loan or open any line of credit or use any existing credit without prior approval of the Probation Office.

4) That the defendant shall maintain a personal bank account separate and apart from her husband or any other family member or person.

5) That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6) That restitution of $48,750, of which $23,000 is owed jointly and severally with codefendant Faith Tanner, is due immediately to the U.S. Department of Housing and Urban Development, with any remaining balance upon release from confinement be paid during the period of supervision on an installment basis of $400 per month to be paid within FIVE(5) DAYS of being paid. Interest is waived.