IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 01-00300 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| vs. | ) | |
| | ) | |
| SANDRA CLARKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

## I.    STATEMENT OF THE CASE

On January 23, 2007, a hearing was held on the November 20, 2006 Order

to Show Cause Why Defendant SANDRA CLARKE'S ("Defendant") supervised

release should not be revoked ("OSC hearing").  The two alleged violations, which

Defendant admitted, were as follows:

1.    That Defendant did not make payment of restitution in the

amount of $400.00 per month for the months of May, June,

August, September, and October 2006; and

2.    Defendant did not submit copies of her quarterly bank

statements to Probation.

Other than the November 20, 2006 Request for Course of Action, the

government presented no evidence at the OSC hearing. In his Request for Course of Action, Mr. Derek Kim, Defendant's probation officer, wrote that the Defendant "has not offered an explanation as to why she has not made any payments in the months in question." Mr. Derek Kim confirmed, however, at the OSC hearing that Defendant has paid $4700.00 towards the restitution order.

Defendant offered an explanation as to why she has been unable to pay her restitution at the rate of $400.00 per month. As a result of her convictions on the underlying offenses, Defendant was evicted from her home in Waimanalo. She lived with her mother until approximately March 2006, when she became homeless and has been living on the beach since that time.

Defendant has sought and maintained employment on a part-time basis. Upon her release from her sentence of incarceration and while still at Mahoney Hale, a halfway house, Defendant sought and obtained employment. Defendant explained that obtaining employment has been difficult because of the nature of her convictions. She has been unable to secure any type of employment which requires the handling of money. Nonetheless, Defendant was able to obtain employment with the City and County of Honolulu at the Waimanalo District Park on a part-time basis (15-20 hours per week) at the rate of $9.76 per hour. Defendant still held this job at the time of the OSC hearing. Defendant was able

2

to obtain employment with Alu Like under a federal grant for a period of time. The Alu Like job ended on November 13, 2006 when the grant ran out.

Since that time, Defendant's sole source of income has been her part-time job at the Waimanalo District Park. Defendant estimated that her present income is approximate $253.00 every two weeks. Defendant also explained that the federal and state governments have placed tax liens on her pay. According to Mr. Kim's Report, Defendant's total net income for the months in question from her employment averaged $1228.09 per month. Beginning November 13, 2006, as explained above, Defendant's monthly income totaled $506.00 per month.

Defendant's supervised release was revoked and the Court sentenced her to a six-month term of incarceration and 29 month of supervised release.

Defendant brings this motion to respectfully request that the Court modify her sentence and convert all or some of the restitution order to in-kind restitution in the form of services, pursuant to 18 U.S.C. § 3666 (2) and/or reduce the six-month term of incarceration.

## II.    DISCUSSION

### A.    Defendant Has Made Bona Fide Efforts to Legally Acquire the Resources to Pay Restitution.

The Supreme Court has set forth the following principles in revocation

3

proceedings for failure to pay a fine or restitution:

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probation of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

Bearden v. Georgia, 461 U.S. 660, 672-73, 103 S.Ct. 2064, 2073, 76 L.Ed.2d 221 (1983); accord United States v. Keith, 754 F.2d 1388 (9th Cir. 1985).

Defendant has made bona fide efforts to legally acquire the resources to pay her monetary fines and restitution. She paid her $300.00 special assessment while still incarcerated. In the three years following her release from her sentence of incarceration, she has paid $4700.00 towards her restitution order. Defendant has made bona fide attempts to comply with the restitution order.

Defendant's inability to pay the sum of $400.00 per month in the months in question was not willful. Immediately upon her release from incarceration and

despite difficulty in finding employment because of the nature of her underlying convictions, Defendant sought and obtained employment with the City and County of Honolulu. For a period of time until November 13, 2006, Defendant was able to obtain employment with Alu Like. That job terminated, however, effective November 13, 2006 when federal funds ran out. Defendant still held her part-time job at the Waimanalo District Park at the time of the OSC hearing which paid $9.76 per hour. As of November 13, 2006, Defendant's income totaled $506.00 per month. Defendant's limited income was one of the reasons she could not pay restitution. Moreover, since March 2006 Defendant has been homeless and living on the beach. Defendant is indigent and as a result, could not pay the restitution. Defendant's non-payment of restitution was not willful.

Defendant believes that under the circumstances of her case, alternatives to the sentence of six-months of incarceration exist that would "meet the [government's] interests in punishment and deterrence." Bearden, supra. Under 18 U.S.C. § 3666(m) (2), an order of in-kind restitution in the form of services is an alternative that the Court may consider in lieu of six-months of incarceration.

Defendant respectfully requests this Court to reconsider the sentence of six-months of incarceration that was imposed. Defendant in not an individual who must be incarcerated for the protection of others. Defendant has not been arrested

nor convicted of any crime since her release.  She has kept in touch with her

probation officer.  She has paid her $300.00 special assessment.  She has sought

and maintained gainful employment to legally acquire the resources to pay her

restitution.  She has presented herself before this Court whenever summoned.

Defendant believes that the government's interests in punishment and deterrence

can be met by reducing her jail time and by modifying  all of a part of the order of

restitution to "in-kind restitution in the form of services."

## III.    **CONCLUSION**

Defendant's non-payment of the order of restitution was not willful.  Her

inability to pay on a regular basis was based upon her limited ability to earn

income.  Alternatives to the sentence of six-months of incarceration exist that

would "meet the [government's] interests in punishment and deterrence,"

including a reduced term of incarceration and, perhaps, converting a part of the

order of restitution into "in-kind restitution in the form of services."  For these

reasons, Defendant respectfully requests that this Court reconsider and/or reduce

her sentence of six-months of incarceration.

DATED:    Honolulu, Hawaii, _January 28, 2007_ .


_Pamela E. Tamashiro_
Pamela E. Tamashiro
Attorney for Defendant
SANDRA CLARKE

7