EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LAWRENCE L. TONG    #3040
Assistant U. S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: Lawrence.Tong@usdoj.gov

Attorneys for Plaintiff

              IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 01-00300 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM |
| | ) | OPPOSING DEFENDANT'S MOTION |
| vs. | ) | TO MODIFY AND/OR REDUCE |
| | ) | SENTENCE FOR INABILITY TO |
| SANDRA CLARKE, | ) | PAY RESTITUTION; CERTIFICATE |
| | ) | OF SERVICE |
| Defendant. | ) | |
| _____ | ) | |

               GOVERNMENT'S MEMORANDUM OPPOSING
          DEFENDANT'S MOTION TO MODIFY AND/OR REDUCE
          SENTENCE FOR INABILITY TO PAY RESTITUTION

   I.   INTRODUCTION

        The United States opposes defendant Sandra Clarke's

motion to modify or reduce her sentence.  The government submits

that the court lacks jurisdiction to reconsider the amount of

incarceration or restitution imposed.  To the extent defendant

seeks to have her future monthly payment schedule modified, she

can seek modification once she begins serving a term of

supervised release.  At the present time, however, her motion should be denied.

   II.  <u>DISCUSSION</u>

This motion grows out of a petition for action filed by the United States Probation Office.  The petition alleged that, while on supervised release, defendant failed to pay her monthly restitution obligation of $400 for the months of May, June, August, September and October 2006, and failed to submit quarterly bank statements to the Probation Office.  Defendant admitted both violations, but said she lacked the financial ability to pay.  The court acknowledged that defendant was experiencing financial difficulties.  The court noted, however, that: (1) defendant had previously been revoked for failure to pay restitution, and had avoided a significant jail term by herself recommending that her conditions be amended to require $400 monthly payments, which she later failed to make; and (2) defendant had failed to provide quarterly bank statements as directed by the Probation Office.

The court ultimately revoked defendant's supervision, and sentenced her to six months of incarceration, to be followed by a new term of supervised release of 29 months.  The court also ordered that, as a condition of her supervised release, defendant pay restitution of $48,750, of which $23,000 was owed jointly and severally with co-defendant Faith Tanner, to the United States

Department of Housing and Urban Development.  The restitution was

to be paid on an installment basis according to the collection

policy of the Probation Department.  In imposing the sentence,

the court noted that a term of incarceration was necessary to

reflect defendant's continued failure to pay restitution, and her

refusal to comply with her probation officer's instructions.  A

written judgment was filed on January 23, 2007.

Defendant now seeks modification of the sentence,

arguing that her violations were not willful as she did not have

the ability to pay.  Defendant asks the court to resentence her

to a lesser term of incarceration, and to consider an alternative

to restitution.

The government submits that the court lacks

jurisdiction to reduce or modify her sentence at this time.

"District courts do not have inherent authority to resentence

defendants at any time."  United States v. Hovsepian, 307 F.3d

922, 927 (9th Cir. 2002), quoting United States v. Stump, 914

F.2d 170, 172 (9th Cir. 1990).  "A court generally may not

correct or modify a prison sentence once it has been imposed."

United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003), citing

18 U.S.C. § 3582(c).  A court may instead only modify a sentence

"to the extent otherwise expressly permitted by statute or by

Rule 35 of the Federal Rules of Criminal Procedure."  Id., citing

18 U.S.C. § 3582(c)(1)(B).

In this case, defendant seeks modification pursuant to Fed. R. Cr. P. 35.  Def. Memo. at 1.  That rule only permits a court to reduce a sentence to correct an "arithmetical, technical, or other clear error," see Fed. R. Cr. P. 35(a), or upon a motion by the government to reduce sentence for substantial assistance.  Fed. R. Cr. P. 35(b).  Neither section applies.  An earlier version of Fed. R. Cr. P. 35(a) has been construed as "authoriz[ing] the district court to correct obvious sentence errors, but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error."  United States v. Portin, 20 F.3d 1028, 1030 (9th Cir. 1994), citing 1991 Advisory Committee Notes on 1991 Amendments to Fed. R. Cr. P. 35(c).  Defendant does not suggest that such an error occurred here.  Nor has the government sought reduction of the sentence on grounds of substantial assistance, as authorized by Fed. R. Cr. P. 35(b).  As a result, there is nothing in Fed. R. Cr. P. 35 which would give this court jurisdiction to revisit its sentence.

Defendant also cites 18 U.S.C. §§ 3553 and 3666[1] as providing the court with authority to resentence her.  Section 3553 sets forth the factors to be considered in imposing a sentence; it does not, however, provide a basis for reconsidering

---

[1]  The government believes defendant meant to cite 18 U.S.C. § 3664, which provides the procedures for the issuance and enforcement of restitution orders.

4

a valid sentence already imposed.  Section 3664 deals with the enforcement of restitution orders, but it similarly does not offer a jurisdictional basis for reconsidering the award of restitution in the first instance.[2]

In view of the foregoing, the government submits defendant's motion should be denied on jurisdictional grounds. The government is not, however, unsympathetic to defendant's financial circumstances.  The government expects the Probation Office will assess defendant's ability to pay restitution after her release from incarceration.  The Probation Office can adjust the amount of defendant's payments, consistent with the court's collection policies.  Alternatively, defendant can seek modification of the terms of payment once her term of supervision begins.  At this time, however, such modification is inappropriate.

Dated: Honolulu, Hawaii, February 9, 2007

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Lawrence L. Tong
   LAWRENCE L. TONG
   Assistant U.S. Attorney

---

    [2]  On February 5, 2007, defendant filed a notice of appeal of the judgment.  To the extent this motion is construed as a Rule 35(a) motion, the court still retains jurisdiction.  See Fed. R. App. P. 4(b)(5). For the reasons stated, however, defendant seeks to have the court reconsider its sentence, and not to correct an obvious or clear error.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, the true and correct copy of the foregoing was served on the following at their last known address:

Served by first class mail:

Pamela E. Tamashiro, Esq.                February 9, 2007
Ocean View Center
707 Richards Street, PH7
Honolulu, HI 96813

Attorney for Defendant
SANDRA CLARKE

Served by hand delivery:

U.S. Probation Office                    February 9, 2007
300 Ala Moana Blvd., Room 2-215
Honolulu, HI 96813
Attn:  Derek Kim

DATED:  Honolulu, Hawaii, February 9, 2007.


                                /s/ Janice Tsumoto