IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 01-00300 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SANDRA CLARKE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION TO MODIFY AND/OR
REDUCE SENTENCE FOR INABILITY TO PAY RESTITUTION

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing the Defendant's motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion to Modify and/or Reduce Sentence.

BACKGROUND

Defendant admitted to violating conditions of her supervised released by not making restitution payments of $400.00 per month for May, June, August, September, and October 2006, and for not submitting copies of her quarterly bank statements. Defendant claims that she lacked the ability to pay the restitution.

The Court revoked Defendant's supervision and sentenced her to six months of incarceration, followed by a new term of supervised release of 29 months.  As a condition of her new term of supervised release, Defendant must pay restitution of $48,750, $23,000 of which is owed jointly and severally with co-defendant Faith Turner.  Defendant had previously had her supervised release revoked for failure to pay restitution and failure to follow directions of the probation office.

On January 29, 2007, Defendant filed the instant motion requesting that her sentence be modified by converting all or some of the restitution order to in-kind restitution in the form of services, pursuant to 18 U.S.C. § 3666(2), and/or reduce the six month term of imprisonment.  The Government field an opposition on February 9, 2007.  Defendant did not file a reply brief.

## DISCUSSION

The Ninth Circuit has held that "courts do not have inherent authority to resentence defendants at any time.  Rule 35 is generally the only vehicle available for resentencing, unless the case is on remand from the Court of Appeals."  <u>United States v. Hovsepian</u>, 307 F.3d 922, 927 (9th Cir. 2002) (quotation marks and citation omitted).

Defendant brought her motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure. That rule, however, does not apply to Defendant's motion because that rule is only available for a motion brought by the government, or a motion to correct an arithmetic, technical or other clear error, neither of which applies to the situation here. See Fed. R. Crim. P. 35.

Defendant also brought her motion pursuant to 18 U.S.C. §§ 3553 and 3666(2). 18 U.S.C. § 3553 sets forth factors to be considered in imposing a sentence, but does not provide a basis for reconsidering an imposed sentence. Section 3666(2) pertains to bribe money and has no relevance whatsoever to the instant motion. To the extent Defendant meant to cite 18 U.S.C. § 3664, which pertains to enforcement of restitution orders, like section 3553, it does not provide a basis for reconsidering an imposed restitution award.

Even if this motion were properly before this Court, Defendant has based her motion solely on her alleged inability to pay the restitution, and has not addressed her violation of her supervised release condition to provide bank statements to her probation officer. Therefore, her motion would still fail, as she has no excuse for violating that provision of her supervised release.

CONCLUSION

For the reasons stated above, the court DENIES Defendant's Motion to Modify and/or Reduce Sentence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 26, 2007.



_____
David Alan Ezra
United States District Judge

United States of America vs. Sandra Clarke, Cr. No. 01-00300 DAE, ORDER DENYING DEFENDANT'S MOTION TO MODIFY AND/OR REDUCE SENTENCE FOR INABILITY TO PAY RESTITUTION